UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                                  Chapter 7

**Shawntia Genee Chester**                                  Bankruptcy No. 19-40366

**Debtor.**

NOTICE OF HEARING ON MOTION TO DISMISS CHAPTER 7 CASE

TO:   The Debtor, all creditors and other parties in interest:

The United States Trustee has filed a motion to dismiss the above-captioned case under 11 U.S.C. § 707(b)(1), based on the totality of circumstances under 11 U.S.C. § 707(b)(3).

The Court will hold a hearing on this motion at 9:30 a.m. on Wednesday May 15, 2019, before the United States Bankruptcy Court, Courtroom 8 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Any response to this motion must be filed and delivered not later than Friday May 10, 2019, which is five days before the time set for the hearing (including Saturdays, Sundays and legal holidays).   Local Bankruptcy Rule 9006-1.   UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

Dated: _____

                                                   CLERK OF BANKRUPTCY COURT

                           By:   _____
                                Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:                                                                                          Chapter 7

**Shawntia Genee Chester**                                                  Bankruptcy No. 19-40366

      **Debtor.**

---

**NOTICE OF HEARING AND**
**MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)(1)**

---

To:    The debtor(s) and other entities specified in Local Rule 1204(a).

1.    The United States Trustee (UST) for Region 12 moves the Court for the relief requested below and gives notice of hearing.

2.    The Court will hold a hearing on this motion at 9:30 a.m. on Wednesday May 15, 2019, before the United States Bankruptcy Court, Courtroom 8 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

3.    Any response to this motion must be filed and delivered not later than Friday May 10, 2019, which is five days before the time set for the hearing (including Saturdays, Sundays and legal holidays).  Local Bankruptcy Rule 9006-1.  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

                  **I.    Jurisdiction & Venue**

4.    The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1334(a) & (b); 28 U.S.C. §§157(a) & (b)(1); 28 U.S.C. § 151 and Fed. R. Bankr. P. 5005 and Local Rule 1070-1.  This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A) & (B).

5.      This motion arises under 11 U.S.C. §§ 707(b)(1) and (3) and FED. R. BANKR. P. 1017, 2002 and 4004.   This motion is filed under FED.R.BANKR.P. 9014 and Local Rules 9013-1 to 9013-5.   Movant requests that this case be dismissed.

## II.    Factual Background

6.      The debtor filed this case on February 12, 2009.

7.      The debtor scheduled the following debts:

- Schedule D secured debts totaling $115,210, secured by a mortgage on real estate and a vehicle.
- Schedule E priority debts totaling $2,165.96.
- Schedule F general unsecured debts totaling $200,973.73.   Of this amount, $115,472 is student loans.

8.      The first meeting of creditors pursuant to Section 341 in the chapter 7 case was scheduled for July 11, 2016.

9.      This motion is timely filed within 60 days of the Section 341 meeting under FED. R. BANKR. P. 1017(e), as calculated by FED. R. BANKR. P. 9006(a)(1)(C).

## III.    Dismissal Under Section 707(b)

### A.    Consumer Debts

10.      Section 707(b)(1) provides for dismissal of a chapter 7 case upon a finding of abuse by an individual debtor with primarily consumer debts.   11 U.S.C. § 707(b)(1).

11.      On the voluntary petition, the debtor checked that the debts are primarily consumer debts (Part 6, question 16a).

### B.    Totality of Circumstances

12.      The UST requests that the Court dismiss this case based on the debtor's actual ability to repay the creditors based on the totality of circumstances.

13.      On schedules I and J, the debtor initially disclosed net income of $4,150.04 and net expenses of $4,902, leaving net income of -$751.96.

14.     After the United States Trustee initiated an inquiry into how the separated spouse supported the household, the debtor filed amended schedule J to disclose net income of $4,150.04 and net expenses of $2,832 for disposable income of $1,318.04 to account for household expenses that the separated spouse paid in lieu of support.

15.     After the amended schedule J was filed, the United States Trustee inquired why the case should not be dismissed based on the large amount of disposable income.  See Att. Ex. 1.  The response by debtor's counsel did not provide any new information other than to acknowledge the disposable income.  See Att. Ex. 2.

16.     Based on the face of the schedules, the debtor has sufficient disposable income to pay unsecured creditors in a hypothetical chapter 13 plan.  Disposable income of $1,310.04 will repay $47,449.44 or approximately 54% of schedule E and schedule F non-student loan debt (student loan payments are included on amended schedule J) in a hypothetical chapter 13 plan.

17.     Based on the debtor's ability to pay under the totality of circumstances, this case should be dismissed under Section 707(b)(3).

WHEREFORE, the United States Trustee respectfully requests that the Court dismiss this case under 11 U.S.C. § 707(b)(1) and grant such other relief to which the United States Trustee may be entitled.

Dated: April 18, 2019                         JAMES L. SNYDER
                                              ACTING UNITED STATES TRUSTEE
                                              Region 12

                                               /s/ Sarah J. Wencil
                                              Sarah J. Wencil
                                              Trial Attorney
                                              IA Atty # 14014
                                              Office of the United States Trustee
                                              U.S. Courthouse
                                              300 South Fourth Street
                                              Minneapolis, MN 55415
                                              (612) 334-1350

# Exhibit 1

**Wencil, Sarah  (USTP)**

| | |
|---|---|
| **From:** | Sibenaller, Bethany D. (USTP) |
| **Sent:** | Friday, April 12, 2019 11:24 AM |
| **To:** | rstrand@mnbiz.net |
| **Cc:** | reception desk; Wencil, Sarah  (USTP) |
| **Subject:** | RE: Chester |

Dear Mr. Strand,

Please provide an explanation as to how the debtor qualifies for a chapter 7 discharge when her amended schedule J shows $1,318.04 in monthly disposable income.

Thank you,

Bethany



**Bethany D. Sibenaller**
Office of the U.S. Trustee
Department of Justice
300 South 4th Street
Minneapolis, MN  55415
Phone: (612) 334-1365
Email: Bethany.Sibenaller@usdoj.gov

***This transmittal is intended only for the use of the individual or entity named above and may contain information that is sensitive.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this message in error, please immediately notify the sender by replying to the e-mail address noted above and delete this message.***

**From:** reception desk <rkslaw@mnbiz.net>
**Sent:** Thursday, April 11, 2019 1:04 PM
**To:** Sibenaller, Bethany D. (USTP) <Bethany.Sibenaller@UST.DOJ.GOV>
**Subject:** Re: Chester

Bethany,

The non-filing spouse spends about $400 a month on food and utilities, $600 a month on children's clothing, expenses, etc.  It ranges about $900-$1000 a month.

The debtor's nephew lived with her from October 2003 to April 2018.  Her husband moved out in 2016.

Thank you,

*Charleen*

Charleen Uriah
Administrative Assistant to Randall K. Strand
 Randall K. Strand, P.A.
Rosedale Towers, Suite 200
1700 West Highway 36
Roseville, MN 55113
Phone: (612) 788-2555
Direct Line: (651) 209-8402
Fax: (612) 788-1933
Email: rkslaw@mnbiz.net

Th

---

**From:** Sibenaller, Bethany D. (USTP) <Bethany.Sibenaller@usdoj.gov>
**Sent:** Tuesday, April 9, 2019 8:26 AM
**To:** reception desk
**Cc:** Wencil, Sarah (USTP)
**Subject:** RE: Chester

Dear Charleen,

Please advise as to the status of the debtor's remaining documentation outlined below.

Thank you,

Bethany



**Bethany D. Sibenaller**
Office of the U.S. Trustee
Department of Justice
300 South 4th Street
Minneapolis, MN  55415
Phone: (612) 334-1365
Email: Bethany.Sibenaller@usdoj.gov

***This transmittal is intended only for the use of the individual or entity named above and may contain information that is sensitive.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this message in error, please immediately notify the sender by replying to the e-mail address noted above and delete this message.***

2

**From:** Sibenaller, Bethany D. (USTP)
**Sent:** Friday, April 5, 2019 10:29 AM
**To:** 'reception desk' <rkslaw@mnbiz.net>
**Cc:** Wencil, Sarah (USTP) <Sarah.J.Wencil@UST.DOJ.GOV>
**Subject:** RE: Chester

Good morning, Charleen,

I am still in need of further information from the debtor.  Please provide an accounting and documentation of the NFS's monthly contribution to the household.  I need to know what the monthly amount is that the NFS is contributing whether by giving money to the debtor or by paying household expenses or expenses for the children directly.  Also, the debtor's response to the below request is insufficient.  I need to know which household members were living with the debtor at which times for the entire date range specified below.  Let me know if you have any questions.

- An explanation of the debtor's living arrangements from 8/1/2018 through the present, including each individual that lived with the debtor and the dates that they resided there as well as an accounting of any household contributions that they made or are still making

Thank you,

Bethany



**Bethany D. Sibenaller**
Office of the U.S. Trustee
Department of Justice
300 South 4th Street
Minneapolis, MN  55415
Phone: (612) 334-1365
Email: Bethany.Sibenaller@usdoj.gov

***This transmittal is intended only for the use of the individual or entity named above and may contain information that is sensitive.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this message in error, please immediately notify the sender by replying to the e-mail address noted above and delete this message.***

**From:** reception desk <rkslaw@mnbiz.net>
**Sent:** Thursday, March 21, 2019 3:18 PM
**To:** Sibenaller, Bethany D. (USTP) <Bethany.Sibenaller@UST.DOJ.GOV>
**Subject:** Re: Chester

Good afternoon, Bethany,

Attached please find the following:

3

- Pay stubs with pay periods ending 8/18/2018 and 1/5/2019
- Comcast statements September 2018 to January 2019
- Debtor's responses to questions
- Westconsin Credit Union checking and savings February statements

If you need anything else, please let us know.  Thanks.

Thank you,

*Charleen*

Charleen Uriah
Administrative Assistant to Randall K. Strand
 Randall K. Strand, P.A.
Rosedale Towers, Suite 200
1700 West Highway 36
Roseville, MN 55113
Phone: (612) 788-2555
Direct Line: (651) 209-8402
Fax: (612) 788-1933
Email: rkslaw@mnbiz.net

---

**From:** Sibenaller, Bethany D. (USTP) <Bethany.Sibenaller@usdoj.gov>
**Sent:** Tuesday, March 19, 2019 1:45 PM
**To:** reception desk
**Cc:** Wencil, Sarah (USTP)
**Subject:** RE: Chester

Dear Charleen,

Below is a list of further documentation and information that I will need.  Some of the items are missing from what has already been produced and some are new items or requests for additional clarification.  Please note that we will need to file a statement of presumed abuse on Thursday in order to preserve our deadline.  If the documentation produced satisfies our inquiry, then we will file a contrary statement at that time.  Let me know if you have any questions and thank you for your assistance.

- Copies of the pay advices with pay periods ending on 8/18/2018 and on 1/5/2019
- Regarding the student loan payment: Why does schedule J list a monthly expense of $109 when the provided documentation shows a combined monthly payment of $1,230.71?
- Copies of current Comcast and DirecTV statements showing the regular monthly payments not including arrears
- An explanation of the source of funds deposited via ATM into the Wells Fargo account number 3182 on 10/16/2018
- An explanation of the use of the $4,000 that was withdrawn from the Westconsin savings account on 11/5/2018
- An explanation of the source of funds deposited into the Wells Fargo account number 3182 on 11/27/2018
- An explanation of the use of the $3,000 that was withdrawn from the Wells Fargo account 3182 on 11/30/2018

- An accounting of the source of the money transferred into the Westconsin Free checking 80 account
- An explanation of the debtor's living arrangements from 8/1/2018 through the present, including each individual that lived with the debtor and the dates that they resided there as well as an accounting of any household contributions that they made or are still making
- A copy of any child support orders or divorce decrees



**Bethany D. Sibenaller**
Office of the U.S. Trustee
Department of Justice
300 South 4th Street
Minneapolis, MN  55415
Phone: (612) 334-1365
Email: Bethany.Sibenaller@usdoj.gov

***This transmittal is intended only for the use of the individual or entity named above and may contain information that is sensitive.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this message in error, please immediately notify the sender by replying to the e-mail address noted above and delete this message.***

**From:** reception desk <rkslaw@mnbiz.net>
**Sent:** Friday, March 08, 2019 10:39 AM
**To:** Sibenaller, Bethany D. (USTP) <Bethany.Sibenaller@UST.DOJ.GOV>
**Subject:** Re: Chester

Good morning, Bethany,

Attached are the pay stubs for August, September and October 2018, and also a letter of explanation.

I believe I have given you everything that has been requested.  Please let me know if there is anything else that is needed.

Thank you,

*Charleen*

Charleen Uriah
Administrative Assistant to Randall K. Strand
 Randall K. Strand, P.A.
Rosedale Towers, Suite 200
1700 West Highway 36
Roseville, MN 55113
Phone: (612) 788-2555
Direct Line: (651) 209-8402

5

Fax: (612) 788-1933
Email: rkslaw@mnbiz.net

6

# Exhibit 2

# RANDALL K. STRAND
Attorney at Law

April 16, 2019

Bethany D. Sibenaller
Office of the U.S. Trustee
Department of Justice
300 South 4th Street
Minneapolis, MN  55415

      Re:    Shawntia Genee Chester
              Bankruptcy Case No.: 19-40366

Dear Ms. Sibenaller:

    The original filing was based on a household of 5 people.  This included the debtor, husband, 2 children and a nephew.

    During our discussion with the debtor about a reaffirmation, it came out that she was separated from her husband and that he was not a member of her household.  I believe listing him as a member was my office's mistake, not that of the debtor.  Her intake showed she was married, but we did not ask her, specifically, if they were still living together.

    Further investigation determined that the nephew had moved out between the time of intake and case filing.

    The reason for the amended filing is to correct the number of people in debtor's household.  Using standard expenses for 3 individuals instead of 5 accounts for a portion of the changes.  We also subtracted certain expenses, that her husband pays, from her list of expenditures.  These include food, utilities and children's clothing.  These two amendments resulted in the positive number as disposable income for the debtor.

    I believe this clarifies the filing.  If you have any other questions, please feel free to contact me.

                             Very truly yours,

                             Randall K. Strand

RKS:cu

RANDALL K. STRAND, P.A.
Rosedale Towers, Suite 200 • 1700 West Highway 36 • Roseville, Minnesota 55113
Phone: 612.788.2555 • Fax: 612.788.1933 • E-mail: rstrand@mnbiz.net

## VERIFICATION

I, Sarah J. Wencil, trial attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on: April 18, 2019              Signed: /s/ Sarah J.   Wencil
                                                 Sarah J.   Wencil
                                                 Trial Attorney

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **In Re:** | **Chapter 7** |
| **Shawntia Genee Chester** | **Bankruptcy No. 19-40366** |
| **Debtor.** | |

**MEMORANDUM OF LAW**

The debtor filed this case on February 12, 2009.   The debtor scheduled the following debts:

- Schedule D secured debts totaling $115,210, secured by a mortgage on real estate and a vehicle.
- Schedule E priority debts totaling $2,165.96.
- Schedule F general unsecured debts totaling $200,973.73.   Of this amount, $115,472 is student loans.

The first meeting of creditors pursuant to Section 341 in the chapter 7 case was scheduled for July 11, 2016.   This motion is timely filed within 60 days of the Section 341 meeting under FED. R. BANKR. P. 1017(e), as calculated by FED. R. BANKR. P. 9006(a)(1)(C).

**Dismissal Under Section 707(b)**

A motion to dismiss for abuse is governed by Section 707(b)(1), which provides:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or with the debtor=s consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make charitable contributions (that meet the definition of >charitable contribution= under section 548(d)(3)) to any qualified religious or charitable entity or organization (as that term is defined in section 548(d)(4)).

11 U.S.C. § 707(b)(1).

The debtor checked that the debts are primarily consumer debts on the petition.

Dismissal may be based on the presumption of abuse under § 707(b)(2) or on bad faith or totality of the circumstances under § 707(b)(3). The UST asserts that cause exists to dismiss this case based on the totality of circumstances under § 707(b)(3).

### Totality of Circumstances

The U.S. Trustee assets that this case should be dismissed for abuse under the totality of the circumstances under § 707(b)(3). Section 707(b)(3) provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) of such paragraph [§707(b)(2)] does not arise or is rebutted, the court shall consider B
>
> (A) whether the debtor filed the petition in bad faith; or
>
> (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

11 U.S.C. § 707(b)(3). The U.S. Trustee bears the burden under Section 707(b)(3). *In re Ansar*, 383 B.R. 344, 348 (Bankr. D. Minn. 2008).

The Bankruptcy Code does not define "totality of the circumstances." *In re Hartwick*, 352 B.R. 867, n. 3 (Bankr. D. Minn. 2006). Circuit courts that have opined on "totality of circumstance" under Section 707(b)(3)(B) agree that ability to pay is a primary consideration. *Morse v. Rudler (In re Rudler)*, 576 F.3d 37, 51 (1st Cir. 2009) (noting that the mechanical nature of the means test is offset by the totality of circumstances test, wherein current and foreseeable changes from the means test, such as ability to pay, may be addressed); *Ross-Tousey v. U.S. Trustee (In re Ross-Tousey)*, 549 F.3d 1148, 1162 (7th Cir. 2008) (opining that totality of circumstances can take into consideration debtor's actual income and expenses). *See also Frederickson v. Coop (In re Frederickson)*, 545 F.3d 652 (8th Cir. 2008)(holding under the chapter

2

13 disposable income test that the final calculation of projected disposable income can take into consideration changes to the debtors' financial circumstances as well as the debtor's actual income and expenses on schedules I and J, as opposed to be confined by the means test calculation of disposable income); *Hamilton v. Lanning,* 130 S. Ct. 2464, 2478 (2010) (holding that court may examine debtor's income or expenses that are "known or virtually certain at the time of confirmation" under the chapter 13 projected disposable income analysis).

Within the Eighth Circuit, bankruptcy courts analyzing Section 707(b)(3)(B) have agreed that ability to pay is a primary consideration under the totality of circumstances of financial situation analysis.    See *In re Honkomp*, 416 B.R. 647, 649 (Bankr. N.D. Iowa);    *In re Campbell*, 2007 WL 1376226 (Bankr. N.D. Iowa May 7, 2007);    *In re Worrel*, 2007 WL 3374593 (Bankr. N.D. Iowa Nov. 9, 2007);    *In re Booker*, 399 B.R. 662, 667 (Bankr. W.D. Mo. 2009);    *In re Newman*, 2008 WL 2228746 (Bankr. D. Neb. 2008);    *In re Hoffner*, 2007 WL 4868310, at * 3 (Bankr. D.N.D. Nov. 21, 2007);    *In re Goodall*, 2008 WL 4868303 (Bankr. D. N.D. Sept. 14, 2007);    *In re Hicks*, 370 B.R. 919 (Bankr. E.D. Mo. 2007);    *In re Freis*, 2007 WL 1577752, at * 2-3 (Bankr. E.D. Mo. May 18, 2007)*;*    *In re Delunas*, 2007 WL 737763 (Bankr. E.D. Mo. Mar. 6, 2007);    *In re Budig*, 387 B.R. 12, 16-17 (Bankr. N.D. Iowa 2008); *In re Lapke*, 2008 WL 901846, at * 3 (Bankr. D. Neb. Mar. 31 2008).

A majority of bankruptcy courts nationwide agree that ability to pay is a primary consideration under the "totality of circumstances" analysis.    See *In re Bookings*, 399 B.R. 662, 666 (Bankr. W.D. Mo. 2009)(citing cases following ability to pay analysis)*;*    *In re Hoffner*, 2007 WL 4868310, at * 3-4 (Bankr. D.N.D. Nov. 21, 2007) (citing cases supporting court and commentator majority opinion that totality of circumstances includes an analysis of debtor's actual ability to pay).

The failure of a case to presume under § 707(b)(2) does not prevent a finding of abuse

3

based on ability to pay under either totality of circumstances or bad faith.  *In re Rudler*, 576 f.3d at 51;  *In re Ross-Tousey*, 549 F.3d at 1161-62; *In re Colgate*, 370 B.R. 50 (Bankr. E.D. N.Y. 2007);  *In re Haman*, 366 B.R. 307(Bankr. D. Del. 2007);   *In re Lenton*, 358 B.R. 651 (Bankr. E.D. Pa. 2006); *In re Zaporski*, 366 B.R. 758 (Bankr. E.D. Mich. 2007);   *In re McGillis*, 370 B.R. 720 (Bankr. W.D. Mich. 2007);   *In re Zuccarell*, 373 B.R. 508 (Bankr. N.D. Ohio 2007)*In re Hoffner*, 2007 WL 486310 (Bankr. D.N.D.Nov. 21, 2007); *In re Campbell*, 2007 WL 1376226 (Bankr. N.D. Iowa May 7, 2007);   *In re Freis,* 2007 WL 1577752 (Bankr. W.D. Mo. May 18, 2007);  *but see*   *In re Walker*, 381 B.R. 620 (Bankr. M.D. Pa. 2008);   *In re Nockerts*, 357 B.R. 497 (Bankr. E.D. Wis. 2006).

On schedules I and amended schedule J, the debtor disclosed net income of $4,150.04 and net expenses of $2,832 for disposable income of $1,318.04.   Disposable income of $1,318.04 is sufficient to pay a substantial portion of the debtor's unsecured debts over thirty-six months or more over a 60 months hypothetical chapter 13 plan.

The U.S. Trustee requests that the Court dismiss this case under §707(b)(1) based on the totality of circumstances.

Dated: April 18, 2019                              JAMES L. SNYDER
                                                   ACTING UNITED STATES TRUSTEE
                                                   Region 12

                                                    /s/ Sarah J. Wencil
                                                   Sarah J. Wencil
                                                   Trial Attorney
                                                   IA Atty # 14014
                                                   Office of the United States Trustee
                                                   U.S. Courthouse
                                                   300 South Fourth Street
                                                   Minneapolis, MN 55415
                                                   (612) 334-1350

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **In Re:** | **Chapter 7** |
| **Shawntia Genee Chester** | **Bankruptcy No. 19-40366** |
| **Debtor.** | |

## UNSWORN CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury that on April 18, 2019, I electronically filed the following: Notice of Hearing on Motion to Dismiss Chapter 7 Case, United States Trustee's Notice of Hearing and Motion to Dismiss Pursuant to 11 U.S.C. §707(b)(1), Verification and proposed Order, thereby generating electronic service by CM/ECF on those electronic addresses below. I also served the debtor and counsel by first class mail at the address stated below:

**Shawntia Genee Chester**
711 Queen Ave N
Minneapolis, MN 55411

**Randall K Strand**
Randall K Strand PA
1700 W Hwy 36 Ste 200
Roseville, MN 55113
Email: rstrand@mnbiz.net

John R. Stoebner
CM/ECF

Executed on: April 18, 2019

/s/ **Sarah J. Wencil**
**Sarah J. Wencil**
**Office of the United States Trustee**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In Re:                                                           Chapter 7

**Shawntia Genee Chester**                          Bankruptcy No. 19-40366

    **Debtor.**

## ORDER

At Minneapolis, Minnesota.

The United States Trustee's motion to dismiss this chapter 7 case under 11 U.S.C. §707(b)(1), based on the totality of circumstances under 11 U.S.C. §707(b)(3) came before the court.

Based on the motion, the file, and the record of the proceedings herein,

IT IS HEREBY ORDERED:

This case is dismissed under 11 U.S.C. § 707(b)(1).

Dated: _____

    _____
    Kathleen H. Sanberg
    Chief Judge, United States Bankruptcy Court